(908 P.2d 638)
No. 73,291

STATE OF KANSAS, *Appellant*, v. DEBRA KAY CRAWFORD, a/k/a DEBRA KAY HILLS, *Appellee*.

Opinion filed December 22, 1995.

*Thomas R. Stanton*, assistant county attorney, *Julie McKenna*, county attorney, and *Carla J. Stovall*, attorney general, for the appellant.

*Wendell Betts*, of Topeka, for the appellee.

Before GREEN, P.J., LEWIS, J., and JAMES L. BURGESS, District Judge, assigned.

LEWIS, J.: Defendant was convicted of possession of methamphetamine and possession of methamphetamine without tax stamps affixed. Her criminal history was category G. The presumptive sentencing range under the Kansas Sentencing Guidelines Act (KSGA) was 51 to 57 months. The trial court granted a downward departure and sentenced defendant to 18 months in

prison and 24 months' postrelease supervision. The State appeals from the downward departure sentence of the trial court.

We affirm.

Defendant and her husband were both charged with similar crimes. The drugs in question were found in their home and in their joint possession. It does not appear that defendant was more culpable than her codefendant. The codefendant received a sentence of probation. Defendant has prior felony convictions.

In deciding to grant defendant's motion for downward departure, the trial court stated its reasons as follows:

"First of all, thank goodness Ms. Crawford is getting older. It has been shown that as people age—while we don't always gain maturity—most of us do and most of us quit committing crimes. So we have that going for us. She has some children, some young children that she is rearing. She has an employment record that is— that is impressive. We have now got the rehabilitation efforts that are shown by Mr. Norris' report from Break Through. I have looked at the sentence that's been imposed upon the co-defendant, and under the totality of circumstances this judge at this time just cannot believe that a just and merciful sentence requires that this defendant be incarcerated for 50 some months in the custody of the Secretary of Corrections. . . . Under the totality of the circumstances the Court finds substantial and compelling reason to afford the defendant a durational departure."

We are asked to determine if the trial court erred in granting the durational departure.

Our standard of review in cases involving departure from the presumptive sentence provided by the KSGA was defined in *State v. Richardson*, 20 Kan. App. 2d 932, 940, 901 P.2d 1 (1995):

"By enacting the appellate review language recommended by the Kansas Sentencing Commission, which also mirrors the appellate review language enacted in Oregon, the Kansas Legislature intended the application of the same two-step test most clearly delineated by Senator Springer of Oregon: (1) an evidentiary test: Are the facts stated by the sentencing judge in justification of departure supported by the record? and (2) a law test: Are the reasons stated on the record for departure adequate to justify a sentence outside the presumptive sentence? If an appellate court finds that either test has not been met, the sentencing court has erred in imposing a departure sentence . . . ."

We have also dealt with this issue in *State v. Caldwell*, 21 Kan. App. 2d 466, 901 P.2d 35, *rev. denied* 258 Kan. ___ (September 26, 1995); *State v. Heath*, 21 Kan. App. 2d 410, 901 P.2d 29 (1995);

*State v. McCallum*, 21 Kan. App. 2d 40, 895 P.2d 1258, *rev. denied* 258 Kan. ___ (July 14, 1995).

All of these cases conclude that we conduct a two-pronged review. The first prong is to decide whether the facts used to justify the departure were supported by substantial competent evidence. That prong is not raised as an issue on this appeal. We hold that the facts used by the trial court to justify its downward departure were supported by substantial competent evidence.

In this case, the issue was one of law. We must determine whether, as a matter of law, the reasons stated by the trial court are "substantial and compelling" reasons for departure.

The trial court relied on the following factors in making its departure: (1) Defendant's age. The trial court concluded that defendant was maturing and, thus, less likely to commit crimes in the future. (2) Defendant's family. Defendant has three children she is raising, and the court considered the effect of 51 to 57 months' imprisonment on the children. (3) Defendant's "impressive" employment record. Despite her faults, defendant remained a productive member of society. (4) Defendant's rehabilitative efforts. Defendant had made substantial efforts at rehabilitation. (5) Her codefendant's sentence. Although at least as culpable as her, if not more so, the codefendant was placed on probation.

We hold that when taken together, the reasons advanced by the trial court to justify the downward departure were substantial and compelling reasons, and we affirm the trial court's decision to depart.

We hasten to note that we do not believe that any one of those factors, standing alone, would justify a downward departure. However, when considered in their totality, they are substantial and compelling.

We see no fault in a downward adjustment of the presumptive sentence which is based on facts which suggest that the presumptive sentence would be purely vindictive and without any rehabilitative effect. Defendant appeared to the trial court as someone who was still a functioning member of society with a family to raise. The trial court also judged defendant to have made substantial rehabilitative efforts. These are surely compelling reasons not to

impose a long-term presumptive sentence which appears to benefit no one.

The sentence imposed on the codefendant in this case is another substantial and compelling factor for downward departure. Defendant's husband had committed the same crimes, done the same societal harm, and was at least as culpable as defendant, if not more so. He represented at least an equal threat to society. Despite this fact, he received probation and will serve no time in prison. In *State v. Bailey*, 251 Kan. 527, 531, 834 P.2d 1353 (1992), our Supreme Court required a trial judge to take into consideration the sentence imposed on a codefendant. If a defendant is to receive a longer sentence than his or her codefendant, the trial court must justify that sentence on the record. Here, the trial court felt it could not justify sentencing defendant to a presumptive term of 51 to 57 months in prison while her codefendant received probation. This is a substantial and compelling reason for downward departure.

In closing, we think it important to note that despite the downward departure, defendant is still going to be incarcerated for 18 months and kept on postrelease supervision for another 24 months. When we consider the totality of the circumstances involved, we hold that the trial court did not err in imposing the sentence in question.

Affirmed.