(132 P.3d 981)

No. 93,806

STATE OF KANSAS, *Appellant*, v. TIFFANY BOLDEN, *Appellee*.

—

Opinion filed April 28, 2006.

*Melissa G. Johnson*, assistant county attorney, *Don L. Scott*, county attorney, and *Phill Kline*, attorney general, for appellant.

*Brent Getty*, of Kansas Appellate Defender Office, for appellee.

Before MALONE, P.J., GREEN and BUSER, JJ.

MALONE, J.: Tiffany Bolden was convicted of two counts of aggravated battery and other related charges. The State appeals the downward dispositional departure of her sentence. We affirm.

Tiffany was charged with two counts of aggravated battery, two counts of aggravated assault, one count of criminal damage to property, one count of violation of a protection order, and one count of reckless driving. The charges arose from an incident where Tiffany drove her car into the side of another car, pushed it off the road, and then struck it again from behind. The other car was occupied by Tiffany's husband, Derrick Bolden, and his girlfriend, Glenda Plunk. Glenda had previously obtained a protection from abuse order against Tiffany due to stalking and harassment. The jury convicted Tiffany of all seven charges.

At sentencing, Tiffany's criminal history and crime severity level indicated a presumptive prison sentence of 27 to 31 months. The district court stated that it could find no compelling reason for a durational departure and imposed a sentence of 29 months. However, the district court granted a dispositional departure and placed Tiffany on 24 months' probation based on four factors: (1) The victims' actions invited the reaction, even though they did not justify the reaction; (2) the long-term effects on Tiffany's children were not justified; (3) Tiffany sought help for anger control; and (4) the probability of reformation was increased with probation. The State appeals the sentence. Additional facts will be provided.

K.S.A. 2005 Supp. 21-4716(a) requires the sentencing court to impose the presumptive sentence under the sentencing guidelines unless the court finds substantial and compelling reasons to grant a departure. On appeal, the appellate court must determine if the sentencing court's findings of fact and reasons justifying a departure: (1) are supported by substantial competent evidence in the record and (2) constitute substantial and compelling reasons for departure as a matter of law. K.S.A. 21-4721(d); *State v. McKay*, 271 Kan. 725, 727, 26 P.3d 58 (2001). The appellate court considers only those factors articulated by the sentencing court. *State v. Haney*, 34 Kan. App. 2d 232, 235, 116 P.3d 747, *rev. denied* 280 Kan. 987 (2005). "It is not required that all of the reasons given by the sentencing court to support the departure sentence be substantial and compelling as long as one or more of the factors relied upon is substantial and compelling." *State v. Ippert*, 268 Kan. 254, Syl. ¶ 2, 995 P.2d 858 (2000).

K.S.A. 2005 Supp. 21-4716(c) provides a list of nonexclusive substantial and compelling departure factors. Nonstatutory departure factors are subject to stricter scrutiny than those enumerated in the statute. *State v. Murphy*, 270 Kan. 804, 807, 19 P.3d 80 (2001). The meaning of the phrase substantial and compelling was discussed in *McKay*. "The term 'substantial' refers to something that is real, not imagined; something with substance and not ephemeral. The term 'compelling' implies that the court is forced, by the facts of a case, to leave the status quo or go beyond what is ordinary. [Citation omitted.]" 271 Kan. at 728.

### *Victims' behavior*

At the sentencing hearing, the district judge stated:

"I will tell you that I am substantially offended by a victim who thinks it's okay to continue to carry on a relationship with his spouse, and one or more girlfriends, to do it pretty openly and flaunt it, and expect no consequences therefrom. In that marriage relationship there is responsibility that belongs on the shoulders of both parties. Certainly the appropriate response to a spouse who does what Mr. Bolden was doing is not to go out and try to run over him with your car, or the girlfriend who knows good and well he's married, the appropriate response is not to try and go out and run over her. However, you do have to anticipate that somebody may, under those very extreme circumstances, lose control."

The State argues this was an insufficient basis for a departure. K.S.A. 2005 Supp. 21-4716(c)(1)(A) provides for departure if the victim was an aggressor or participant in the criminal conduct. Here, the district court did not find that Derrick and Glenda were aggressors or participants in the crime; rather, the court found they *invited* Tiffany's reaction.

Tiffany cites *State v. Minor*, 268 Kan. 292, 997 P.2d 648 (2000). In *Minor*, the court held that willing participation of a minor female victim was a substantial and compelling reason to depart in a case of statutory rape. 268 Kan. at 305. This case is distinguishable from *Minor* in that neither victim willingly participated in the crimes of aggravated battery. In fact, Glenda had obtained a protection order to prevent contact from Tiffany.

There are no Kansas cases dealing with such behavior being used as the basis for a departure. In order for a departure factor to be

compelling, the facts of the case must go beyond what is ordinary. It is difficult to conclude the victims' behavior in this case forced the district court to go beyond the ordinary sentence devised by the legislature. A reasonable person would expect a wife to be upset upon learning that her husband is being unfaithful. However, it is unreasonable to accept that by engaging in infidelity a person invites their spouse to assault and batter them. The district court recognized this when it conceded that Tiffany's response was not appropriate. Even if this ground for departure may have applied to Derrick, it certainly did not apply to Glenda who had obtained a restraining order against Tiffany's harassment. Considering the stricter scrutiny this court applies to nonstatutory departure factors, we conclude the victims' behavior was not a substantial and compelling basis for departure.

*Effects on the children, anger control, and reformation*

Tiffany testified about her children:

"I implore this Court to consider the matter of my children. Our five-year-old son, Audric, has suffered a regression in his childhood development in response to the void created by my husband's absence, which has been marked by his return to bedwetting, trouble adjusting socially at pre-school, and a spoken desire to want to stay a baby. Therapists and doctors have suggested that Audric's regression is caused by a desire to remain in a developmental stage where he perceived our family to be happy, and most of all a period of time when his father was a major part of his life. I fear that if I am suddenly removed from his life as well, he will suffer more developmental regression and would undo the progress he has made in dealing with the absence of his father.

"Austin and Alexis, my two oldest children, seem to be handling the changes in our family better than Audric, but I fear that an extended separation would create added anxiety that could impede their normal developmental progress. In light of my recent diagnosis of Obsessive-Compulsive Personality disorder, and research that suggests that this anxiety disorder and others like it is genetic, my children would greatly benefit if I were able to remain with them and ensure that they get the therapy and/or evaluations necessary to help identify and manage this bothersome disorder or any like it that they too may have."

In *State v. Crawford*, 21 Kan. App. 2d 859, 861, 908 P.2d 638 (1995), the court found the fact that the defendant was raising three children, along with other factors, constituted sufficient grounds for a downward durational departure. *Crawford* is distin-

guishable because it addresses a durational departure rather than a dispositional departure. Nevertheless, the fact that a defendant is raising dependent children has been acknowledged as a legitimate basis for a departure sentence.

At the sentencing hearing, the district court heard testimony from Dr. Sue Dowd, who conducted a psychological evaluation of Tiffany. Dowd testified Tiffany's IQ tests indicated superior intelligence. Dowd recommended specific counseling for Tiffany, including a 26-week domestic violence class and a 12-week anger management class. Dowd indicated she thought Tiffany could successfully complete these classes, and she believed the counseling would help Tiffany control her aggression and anger. Tiffany also testified the counseling she had received thus far had helped to control her anger.

The district court specifically cited the fact that "Tiffany sought help for anger control" as one of the grounds for granting the departure. We believe this ground constitutes the strongest departure factor cited by the district court. As long as one factor relied upon by the sentencing court is substantial and compelling, the departure sentence should be upheld. *State v. Rodriguez*, 269 Kan. 633, 646, 8 P.3d 712 (2000).

Finally, the district court found the probability of reformation was increased with probation. Amenability to rehabilitation alone is not a substantial and compelling reason to depart from a presumptive sentence, but it may be considered if the totality of the circumstances warrant departure. *Haney*, 34 Kan. App. 2d at 246.

An appellate court may review a sentencing court's grounds for departure collectively. *Crawford*, 21 Kan. App. 2d at 861. We hold that when taken together, the final three reasons advanced by the district court to justify the dispositional departure were supported by substantial competent evidence and constituted substantial and compelling reasons for departure as a matter of law in this case. We hasten to note that we do not believe that any one of those factors, standing alone, would necessarily justify a downward de-

parture. However, when considered in their totality, they were substantial and compelling.

Affirmed.