NOT DESIGNATED FOR PUBLICATION

No. 113,140

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LIBAN ALI,
*Appellant*.


MEMORANDUM OPINION

Appeal from Ford District Court; VAN Z. HAMPTON, judge. Opinion filed March 11, 2016. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Amanda G. Voth*, assistant solicitor general, for appellee.


Before PIERRON, P.J., BRUNS and GARDNER, JJ.


*Per Curiam*:  Liban Ali contends the district court abused its discretion in not granting him a dispositional departure to probation. We disagree and affirm.


*Procedural Background*


In June 2012, Ali was arrested in Hodgeman County after several large trash bags full of khat were found in the trunk of his car. Khat contains cathinone, a Schedule II drug, and cathine, a Schedule IV drug. The State charged Ali with possession of khat

1

with intent to distribute, possession of drug paraphernalia, possessing khat without a tax stamp, and driving while suspended. He was then released on felony bond.

Several months later, in November 2012, Ali was arrested in Ford County after police found 9 pounds of khat hidden in his restaurant. The State charged Ali with distribution of cathinone, possession of cathinone with intent to distribute, possession of drug paraphernalia, and possession of ketamine without a tax stamp. Ali agreed to plead guilty to the distribution and possession with intent to distribute charges, and the State agreed to dismiss the Hodgeman County charges and the remaining two Ford County charges. There was no sentencing agreement other than there would be no fine. The district court accepted Ali's guilty plea and scheduled a sentencing hearing.

Before the sentencing hearing, Ali filed a motion for a dispositional or durational departure. In the motion, Ali claimed there were substantial and compelling reasons for a departure. Specifically, Ali asserted that (1) he was responsible for the financial support of his wife and five children; (2) he had only a misdemeanor robbery conviction; (3) the victim was the State of Kansas; (4) no aggravating factor was present; (5) he was born in Somalia and had a difficult upbringing; (6) he was an active member of the Somali community; (7) he failed to understand the seriousness of the crimes because khat is culturally acceptable in Somalia; and (8) a lengthy prison sentence would be devastating to his family.

At the sentencing hearing, Ali presented three witnesses. The first two were his friends who testified that Ali was a hardworking family man. They also testified that khat is typically used socially in Somalia, similarly to how beer or alcohol are used in the United States. But both also testified that they were aware that using khat in the United States is illegal. The third witness was Ali's wife who testified that Ali supports her and their five children. She also testified that the use of khat is normal in Somalia and that khat is typically used in a social setting.

2

Ali testified that he came to the United States as a refugee after his father and brother were killed. He testified that he sends money back to his family in Somalia and tries to help the Somali community in Liberal. But Ali also admitted that he made a mistake and that he knew selling khat was illegal. According to Ali, when he was arrested in Hodgeman County he thought he had committed a traffic violation. After his arrest he considered putting the rest of his khat in the trash but then decided to sell it.

Ali requested probation or, in the alternative, a prison sentence of no more than 3 years. The State recommended a 146-month prison sentence. The district court was persuaded by the cultural differences surrounding the use of khat, and was sympathetic to the difficulties Ali endured in Somalia. But the district court also recognized that Ali had been on felony bond when he was charged and that the legislature has determined that the use and distribution of khat is illegal. As a result, the district court sentenced Ali to prison but granted a downward durational departure, sentencing Ali to 92 months for possession of cathinone with intent to distribute. For the distribution of cathinone charge, the district court sentenced Ali to a concurrent prison term of 15 months with 36 months' postrelease supervision. Ali timely appealed.

Ali argues that the district court erred by not granting him a dispositional departure or the full durational departure he requested. He claims that he presented substantial and compelling reasons supporting a dispositional departure to probation or a larger durational departure. Ali correctly states that this court has jurisdiction to review the departure sentence under K.S.A. 2012 Supp. 21-6820(a). See *State v. Looney*, 299 Kan. 903, 908-09, 327 P.3d 425 (2014).

*Standard of Review*

When considering the extent of a durational departure, we employ an abuse of discretion standard of review, "measuring whether the departure is consistent with the

3

purposes of the guidelines and proportionate to the crime severity and the defendant's criminal history." *State v. Spencer*, 291 Kan. 796, 807-08, 248 P.3d 256 (2011). Judicial discretion is abused if: (1) no reasonable person would have taken the view adopted by the district court; (2) the action was based on an error of law; or (3) the action was based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party claiming an abuse of discretion bears the burden of proof. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

*Departure Motions*

A district court must impose the presumptive sentence unless it finds that substantial and compelling reasons warrant a departure. K.S.A. 2012 Supp. 21-6815(a). The term "substantial" is defined as "something that is real, not imagined; something with substance and not ephemeral." *State v. McKay*, 271 Kan. 725, 728, 26 P.3d 58 (2001). And the term "compelling" means "that [a] court is forced, by the facts of a case, to leave the status quo or go beyond what is ordinary." 271 Kan. at 728. A nonexclusive list of mitigating factors that a district court may consider when making a departure ruling is provided in K.S.A. 2012 Supp. 21-6815(c)(1). But a district court may also consider other nonstatutory factors "'as long as there is evidence in the record to support such factors and the use of the factors would be consistent with the intent and purposes of the sentencing guidelines. [Citations omitted.]'" *State v. Hines*, 296 Kan. 608, 616, 294 P.3d 270 (2013).

Having reviewed the record, we find the sentence imposed in this case was reasonable. The witnesses that Ali presented at the sentencing hearing generally testified that khat is the Somalian equivalent to alcohol or beer. The district court was persuaded by this testimony and chose to reduce Ali's sentencing from 146 months to 92 months—a reduction of more than a third. Still, the district court recognized that khat is illegal in the

United States and that this was Ali's second offense, indicating Ali was aware that khat is illegal. And in both cases Ali was arrested with large amounts of khat.

Ali argues that probation would have been more consistent with the purposes of the sentencing guidelines because prison is meant for violent offenders who threaten public safety. According to Ali, possession or distribution of khat is a nonviolent offense, and the particular substance is not associated with gangs or violence. But no evidence was presented that khat is not associated with violence or gangs. Clearly, the legislature thinks that possessing and distributing large amounts of khat is a serious enough crime to warrant a significant prison sentence, reflecting the need to protect the public.

Ali also argues that probation or a lesser prison sentence would have been more appropriate because he presented evidence that he supports his family, including his five young children, and that he helps and serves fellow Somalis in the community. Supporting a family financially is a factor that a district court may consider when determining whether to grant a departure. See *State v. Crawford*, 21 Kan. App. 2d 859, 861-62, 908 P.2d 638 (1995); *State v. Marquis*, No. 97,455, 2007 WL 4105355, at *4 (Kan. App. 2007) (unpublished opinion). A district court is not, however, required to impose a departure sentence "simply because a mitigating factor exists." *State v. Rochelle*, 297 Kan. 32, 45, 298 P.3d 293 (2013). Further, in *Crawford*, financial responsibility to a family was not the determining factor but was considered only in the totality of the other factors present. 21 Kan. App. 2d at 861. Because a reasonable person could have adopted the view taken by the district court, the district court did not abuse its discretion.

Affirmed.