NOT DESIGNATED FOR PUBLICATION

No. 113,915

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

RONALD J. WHITE, JR.,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed July 29, 2016. Affirmed.

*Joanna Labastida*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., STANDRIDGE and ARNOLD-BURGER, JJ.

LEBEN, J.: Ronald J. White, Jr., pled guilty to aggravated burglary and felony theft after stealing DVDs and other electronics from a Walmart store in Derby, Kansas. As part of a plea agreement, White and the State recommended a dispositional-departure sentence from presumed prison to probation. But the district court rejected that recommendation and sentenced White to prison, though it did grant White's alternative motion for a shorter prison sentence, imposing 30 months instead of the 46-month sentence that is standard under the Kansas sentencing guidelines. White appeals the district court's decision to

deny his motion for probation, contending that in doing so the district court abused its discretion.

FACTUAL AND PROCEDURAL BACKGROUND

On September 4, 2012, White was arrested for stealing DVDs, Blu-ray discs, and video games from a Walmart store. White posted bond, but from that point forward, White's case was delayed several times because he failed to show up. The first failure was for a pretrial hearing in February 2014. A warrant for White's arrest was issued, and he was arrested 2 months later. He posted bond again, and the case went to trial in July 2014.

The jury couldn't reach a unanimous verdict, and the court declared a mistrial. The court set a new trial for September 22, but White didn't show up. During a brief recess, White's counsel contacted White and then said that White was unable to attend because he was working in Blackwell, Oklahoma. The district court continued the trial until the next day so that White would have time to return to Sedgwick County for trial, but White still did not appear.

That resulted in another arrest warrant—and another arrest—but not until January 1, 2015. White and the State then entered into the plea agreement under which White pled guilty to aggravated burglary and felony theft in February 2015. White filed a motion asking the court to sentence him to probation instead of sending him to prison, and the State joined that motion, following the terms of the plea agreement. That motion is known as a dispositional-departure motion because it asks for a different sentencing disposition—probation rather than prison. At sentencing on March 26, the district court denied the dispositional-departure motion.

White also filed an alternative motion for a shorter sentence, known as a durational-departure motion since it seeks a sentence of shorter duration. The State did not oppose that motion. Citing the recommendations of the parties and the terms of the plea agreement, the district court granted the durational departure, shortening White's sentence from the standard guidelines sentence of 46 months to 30 months in prison.

White has appealed to this court.

ANALYSIS

White argues that the district court abused its discretion by not granting his motion for a dispositional departure. We have jurisdiction to review White's sentence under K.S.A. 2015 Supp. 21-6820(a): "A departure sentence is subject to appeal by the defendant or the state." See *State v. Looney*, 299 Kan. 903, 908-09, 327 P.3d 425 (2014) (holding that all departure sentences are subject to appeal under K.S.A. 21-4721(a) [now K.S.A. 2015 Supp. 21-6820(a)] unless a more specific provision deprives this court of jurisdiction).

We review the district court's decision to grant or to deny a departure sentence for an abuse of discretion. *State v. Rochelle*, 297 Kan. 32, 45, 298 P.3d 293 (2013). Judicial discretion can be abused in three ways: (1) if no reasonable person would have taken the view adopted by the district court; (2) if the judicial action is based on an error of law; or (3) if the judicial action is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

Under the Kansas Sentencing Guidelines Act, a district court has to impose the presumptive sentence for a crime unless it finds that substantial and compelling reasons warrant a departure. K.S.A. 2015 Supp. 21-6815(a). But even if substantial and compelling reasons would justify a departure, the district court is not required to impose a

3

departure sentence. K.S.A. 2015 Supp. 21-6818(a) ("[W]hen a departure sentence is appropriate, the sentencing judge *may* depart from the guidelines."); *State v. Williams*, No. 113,803, 2016 WL 3407828, at *3 (Kan. App. 2016) (unpublished opinion).

White lists several factors he says should have given the court substantial and compelling reasons to grant a dispositional departure: (1) he accepted responsibility for his actions; (2) he made rehabilitative efforts while in custody; (3) he isn't a threat to the community; (4) he has a family to support and has a supportive family; and (5) both parties agreed to recommend probation. White argues that in light of these factors, the district court abused its discretion when it denied his request for a dispositional departure. "But even if there are substantial reasons that *would* justify a departure, the district court is not *required* to impose a departure sentence." (Emphasis added.) *Williams*, 2016 WL 3407828, at *3; see K.S.A. 2015 Supp. 21-6818(a).

Here, the district court did not ignore White's arguments in favor of a probation sentence. The court reviewed its case file and White's criminal history. After it considered the facts of the case, the court determined that a departure to probation would be inappropriate. Because a reasonable person could agree with the district court, we find no abuse of discretion.

We will briefly review the arguments White makes on appeal and the district court's statements at sentencing on each subject. White first argued that by entering a guilty plea, he had accepted responsibility for his actions. See *State v. Bird*, 298 Kan. 393, 398-99, 312 P.3d 1265 (2013) (acceptance of responsibility can be a mitigating factor in support of a departure.) Based on White's criminal history (29 convictions in 18 years), however, the district court questioned whether White truly accepted responsibility. The court noted that White had missed multiple court appearances and had failed to turn himself in for extended periods of time after warrants were issued against him. The district court concluded that White wasn't actually accepting responsibility for

4

his actions but was only showing increased respect for the court system because he realized he was facing significant prison time.

Second, White argued that he had made rehabilitative efforts while in custody. See *State v. Crawford*, 21 Kan. App. 2d 859, 861, 908 P.2d 638 (1995) (rehabilitative efforts may be a compelling factor in support of departure). The court noted that White had only spent 12 months in prison for prior crimes despite his extensive criminal record and that he had picked up four more convictions after getting out of prison. The district court concluded that White had mostly evaded the consequences of his actions and had not truly made rehabilitative efforts, as he continued to commit crimes and miss court dates.

Third, White argued that he was not a threat to the community because this crime was basically shoplifting and because he had no prior person felonies. See *Bird*, 298 Kan. at 400-01 (evidence that defendant is not a threat to society may be a factor in support of departure). The district court did not specifically address this topic, but the argument that White was only committing property crimes certainly would not *require* the district court to grant a dispositional-departure motion to probation when the defendant has such a significant criminal history that the presumptive guidelines sentence is prison.

Fourth, White argued that he had a supportive wife and a baby on the way that needed his support. See *Crawford*, 21 Kan. App. 2d at 861 (family obligations may be a substantial and compelling reason in favor of departure). Even so, based on White's criminal history and the history of this case, the district court found it doubtful that White would change his behavior just because his wife might tell him to not commit crimes or because he was expecting a child.

Last, White maintains that the district court abused its discretion because the State agreed to recommend a dispositional departure to probation. But plea recommendations are not binding on the district judge, a fact that White acknowledged in writing and at a

court hearing before his guilty plea was accepted. At sentencing, the district judge stated that he does typically follow such recommendations, but in this case he concluded that a departure to probation wasn't appropriate based on White's criminal history, the lack of consequences he has faced, and his lack of respect for the judicial system.

After denying the request for a departure to probation, the district court allowed White to move for a shorter sentence. The State did not oppose the request, and the district court granted a durational departure, shortening White's sentence from 46 to 30 months.

That the district court found substantial and compelling reasons to grant a durational departure doesn't mean that it was required to grant a departure to probation. As we have noted, even if there are substantial and compelling reasons to depart, the district court retains the discretion *not* to depart. So the district court here, after noting the substantial and compelling reasons to depart, retained discretion to choose what kind of departure, if any, to impose.

As we have also discussed, unless its decision reflects a factual or legal error, a district court abuses its discretion only if no reasonable person would take the same position. Here, the district court carefully considered White's failure to appear for hearings, his criminal record, and the parties' arguments. Based on these considerations, the district court determined that a dispositional departure to probation was inappropriate. A reasonable person could agree with the district court's decision to grant a durational departure while denying a dispositional departure to probation. We therefore find no abuse of discretion and affirm the district court's judgment.

6