NOT DESIGNATED FOR PUBLICATION

No. 114,044

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KENNY R. WRIGHT, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed September 9, 2016. Affirmed.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., HILL, J., and BURGESS, S.J.

*Per Curiam*: Kenny R. Wright, Jr., appeals the district court's decision to deny his sentencing request for a dispositional departure to probation. Wright argues he presented substantial and compelling reasons to support a dispositional departure sentence. But the district court is not required to impose a departure sentence even if substantial and compelling reasons would justify a departure. K.S.A. 2015 Supp. 21-6818(a). Although the reasons provided by Wright may be considered compelling factors in support of departure, the district court noted that Wright had been given numerous opportunities to avoid a prison sentence and yet continued to maintain his gang affiliations. Given the

1

serious nature of Wright's conviction for criminal possession of a firearm, the court found that public safety considerations outweighed Wright's potential for rehabilitation. A reasonable person could agree with the district court's determination to deny Wright's request to receive probation instead of a prison sentence. The district court did not abuse its discretion in denying Wright's motion for a dispositional departure.

FACTS

In November 2014, Wichita police stopped Wright after his car was seen fleeing an area where gunshots had been reported. During the stop, an officer observed a handgun behind the driver's seat in plain view. The State charged Wright with criminal possession of a firearm and driving with a suspended license.

Pursuant to a plea agreement with the State, Wright agreed to plead guilty to criminal possession of a firearm. In exchange, the State dismissed the remaining charge and agreed to join Wright's request for a durational departure sentence from 15-17 months in prison to 6 months in prison, to run consecutive to his sentence in case No. 11 CR 1960. The terms of the plea agreement allowed for Wright to argue for any alternative disposition as well. The district court accepted Wright's guilty plea and scheduled a sentencing hearing.

Before sentencing, Wright filed a motion for dispositional and/or durational departure. In the motion, Wright claimed there were substantial and compelling reasons to depart from the presumptive prison sentence and impose probation and/or to depart from the 15- to 17-month prison sentence in the applicable grid box and impose a sentence of 6 months in prison. Specifically, Wright asserted he was only 20 years old when the crime occurred and did not have an extensive criminal history; therefore, he was not a threat to the community.

2

At the sentencing hearing, the State asked the court to follow the plea agreement and grant Wright's request for a durational departure to 6 months in prison. The State urged the court to deny Wright's request for a dispositional departure to probation, noting that Wright had violated his probation in case No. 11 CR 1960 on three separate occasions and appeared unwilling to change his behavior or modify his lifestyle. In response to the State's recommendations, defense counsel argued that the district court should give Wright another chance at probation because (1) he had obtained employment as a restaurant manager, (2) he had made payments on his fines, (3) he lacked maturity based on his age, and (4) he was not a threat to the community because he did not fire the gun and was unaware that the gun was in the car. Wright personally addressed the court, asserting that a dispositional departure sentence of probation was warranted due to his employment and his involvement in his young daughter's life. Wright also claimed that he had been successful in removing gang influences from his life.

The district court denied Wright's request for a dispositional departure, finding that "the public safety considerations outweigh the reformation and rehabilitation possibilities in this case by virtue of [Wright's] own demonstrated actions." Instead, the court granted the parties' joint request for a durational departure sentence down to 6 months in prison, consecutive to Wright's sentence in case No. 11 CR 1960 of 100 months.

ANALYSIS

On appeal, Wright argues the district court erred by denying his request for a dispositional departure sentence. In support of his argument, he claims he presented substantial and compelling reasons supporting a dispositional departure to probation. We have jurisdiction to review Wright's sentence under K.S.A. 2015 Supp. 21-6820(a). See *State v. Looney*, 299 Kan. 903, 908-09, 327 P.3d 425 (2014) (holding that all departure sentences are subject to appeal under K.S.A. 21-4721[a] [now K.S.A. 2015 Supp. 21-6820(a)] unless a more specific provision deprives this court of jurisdiction).

3

When considering a challenge to the district court's ruling regarding the extent of a departure sentence, we review for an abuse of discretion. *State v. Spencer*, 291 Kan. 796, 807-08, 248 P.3d 256 (2011). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

A district court must impose the presumptive sentence for a crime unless it finds that substantial and compelling reasons warrant a departure. K.S.A. 2015 Supp. 21-6815(a). The term "substantial" is defined as "something that is real, not imagined, something with substance and not ephemeral." *State v. Jolly*, 301 Kan. 313, Syl. ¶ 9, 342 P.3d 935 (2015). "Compelling" reasons are those that force the court "'to abandon the status quo and to venture beyond the sentence it would ordinarily impose.' [Citation omitted.]" *State v. Hines*, 296 Kan. 608, 620, 294 P.3d 270 (2013). The district court considers both mitigating and aggravating factors when determining whether substantial and compelling reasons exist for granting a departure from a guidelines sentence. See *Spencer*, 291 Kan. at 809 (noting that balancing of mitigating and aggravating factors is implied in K.S.A. 21-4716 [now K.S.A. 2015 Supp. 21-6815]); K.S.A. 2015 Supp. 21-6815(c)(1) (providing nonexclusive list of mitigating factors); K.S.A. 2015 Supp. 21-6815(c)(2) (providing nonexclusive list of aggravating factors).

Wright lists several mitigating factors he claims should have given the court substantial and compelling reasons to grant a dispositional departure. Specifically, Wright asserts he was not a threat to society because (1) he had gainful employment, (2) he was fulfilling his duties as a father, (3) he had made progress in severing his gang connections, (4) he had not recently committed any other crimes, (5) he did not fire the weapon he was convicted of possessing and he did not know that the weapon was in his car, (6) his crime was victimless, and (7) his young age and immaturity caused him to lack the substantial capacity for judgment at the time he committed the offense. Wright

4

argues that in light of these factors, the district court abused its discretion when it denied his request for a dispositional departure.

We agree that the reasons alleged by Wright may be compelling factors in support of a departure sentence. See, *e.g.*, K.S.A. 2015 Supp. 21-6815(c)(1)(E) (victimless nature of crime may present substantial and compelling reason for departure); *State v. Bird*, 298 Kan. 393, 400-01, 312 P.3d 1265 (2013) (evidence that defendant is not a threat to society may be factor in support of departure); *State v. Ussery*, 34 Kan. App. 2d 250, 258, 116 P.3d 735 (2005) (age of defendant may be factor in support of departure); *State v. Crawford*, 21 Kan. App. 2d 859, 861, 908 P.2d 638 (1995) (rehabilitative efforts and family obligations may be compelling factors in support of departure). But even if substantial and compelling reasons justify a departure, the district court is not *required* to impose a departure sentence. K.S.A. 2015 Supp. 21-6818(a) ("When a departure sentence is appropriate, the sentencing judge *may* depart from the sentencing guidelines." [Emphasis added.])

In denying Wright's request for a departure to probation, the district court judge stated that "[t]here comes a time when I have to balance the needs of public safety versus realistic chance of offender reformation." The court noted that Wright had been given numerous opportunities to avoid a prison sentence in case No. 11 CR 1960 and yet continued to maintain his gang affiliations. Given the serious nature of Wright's conviction for criminal possession of a firearm, the court found that public safety considerations outweighed Wright's potential for rehabilitation. A reasonable person could agree with the district court's decision to deny Wright's request to receive probation instead of a prison sentence. See *State v. Box*, No. 110,491, 2014 WL 6490232, at *2 (Kan. App. 2014) (unpublished opinion) ("[I]t is reasonable to conclude that evidence of a lack of amenability to probation precludes a dispositional departure from a presumptive prison sentence to probation, even if other factors otherwise warrant a durational departure."), *rev. denied* 302 Kan. 1012 (2015).

Wright has failed to establish that the district court's decision was based on an error of fact or law or that it was arbitrary, fanciful, or unreasonable. The district court did not abuse its discretion in denying Wright's motion for a dispositional departure.

Affirmed.