NOT DESIGNATED FOR PUBLICATION

No. 115,211

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MATTHEW WILLIAM BREWER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed November 4, 2016. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Amy E. Norton*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., GREEN, J., and WILLIAM S. WOOLLEY, District Judge, assigned.

*Per Curiam*: Matthew William Brewer appeals the district court's denial of his motion for a dispositional departure to probation for his conviction of one count of conspiracy to manufacture methamphetamine. No other challenges to the sentence have been raised. Brewer fails to demonstrate that the district court abused its discretion when the district court denied his motion for dispositional departure. Thus, we affirm the district's court decision.

1

On July 10, 2015, Brewer pleaded no contest to conspiracy to commit manufacture of methamphetamine, a level 1 drug felony, and to endangering a child, a class A person misdemeanor. At sentencing, the district court found Brewer had a criminal history score of G, presumptive prison, with a sentencing range of 136 to 155 months. As part of the plea agreement, the State and Brewer agreed that Brewer could argue for a departure sentence and that the State would oppose the request.

At the sentencing hearing on October 19, 2015, Brewer argued for a dispositional departure to probation or, in the alternative, a durational departure. Brewer argued that he needed drug treatment and rehabilitation and that there was treatment available. He told the court there was a bed available at New Chance in Dodge City for inpatient treatment. He argued this need for, and availability of, drug treatment, along with his eagerness to complete treatment, was a substantial and compelling reason to depart to probation with community corrections. He also told the court he had completed several courses from the Set Free Prison Ministries Program. By the date of sentencing, Brewer had completed eight units of study and received an "A" in each one. Brewer made it a point to let the court know he did these courses on his own to try and help his rehabilitation

Brewer also argued his criminal history. He had never been convicted of a felony prior to this case. Brewer's prior convictions were largely traffic incidents and a couple disorderly conducts but nothing that was substantially related to the current convictions. He also asked the court to consider the age of the prior convictions.

Brewer also argued his family responsibilities. He told the court that he has three children, an 11-year-old, a 9-year-old, and a 6-year-old. For the oldest two, Brewer paid $300 a month in child support. His youngest child was diagnosed with tuberous sclerosis, which is a rare disease that causes benign tumors that grow in her organs. Because of her

disease, she has seizures as well as other symptoms. This child had been living with Brewer's father. Before Brewer's incarceration, Brewer said he had been taking her to Children's Mercy Hospital once or twice a month for treatment. Brewer also said he had been trained on how to use a nervous stimulation device to help with her seizures. He wanted these issues with his child to be considered a substantial and compelling reason to depart to community corrections.

Finally, Brewer asked the district court to consider his acceptance of responsibility as a factor to depart. When considering all the factors, he argued the court should grant him an opportunity for community corrections. In the alternative, Brewer argued that he should be granted a sentence that was commensurate with his codefendant, whose sentence was for a period of 51 months.

The State opposed the departure based on Brewer's actions and criminal history. Brewer's criminal history reflected 17 prior convictions from 1999 to 2011. The State argued that Brewer had not accepted responsibility because he pleaded no contest when he could have pleaded guilty. The State also argued that the youngest child Brewer referenced was being cared for by the grandfather and Brewer had relinquished custody of her. Given the conviction for endangering a child, the State argued Brewer should not even have custody.

The State also argued at sentencing that the departure should not be granted because of the severity of the drug charge. The State said, "This is the worst type of offense under our drug laws that you can have, that he was agreeing with and making methamphetamine and, apparently, based upon his text messages, distributing it to his co-conspirators, and that does make him the worst kind of offender under Kansas law and under Kansas drug law." For the reasons argued at sentencing, the State requested that the court deny the motion for departure and sentence Brewer to the aggravated sentence of 155 months in prison.

The district court found that there were several substantial and compelling reasons to grant a departure for Brewer, including the fact that Brewer had no prior convictions for drug offenses and no prior felony convictions. The court also considered that Brewer accepted responsibility for his actions.

The district court granted the request for a durational departure but denied the motion for a dispositional departure to probation. The district court sentenced Brewer to 84 months in prison on the felony count of conspiracy to commit manufacture of methamphetamine. On the misdemeanor count of endangering a child, the district court sentenced Brewer to 12 months in the Saline County Jail to run concurrently with the sentence on the felony count

ANALYSIS

On appeal, Brewer contends the district court abused its discretion in denying Brewer's motion for a dispositional departure.

In this case, the district court found substantial and compelling reasons for the durational departure. The State did not cross-appeal the court's decision to grant the durational departure. Therefore, we only consider whether the district court abused its discretion in denying the motion for dispositional departure.

When considering a challenge to the district court's ruling regarding the extent of a departure sentence, the appellate court reviews the decision for an abuse of discretion. *State v. Jolly*, 301 Kan. 313, 324-25, 342 P.3d 935 (2015). When the extent of a departure is challenged, this court also reviews the matter for an abuse of discretion. *State v. Spencer*, 291 Kan. 796, 807-08, 248 P.3d 256 (2011). A judicial action constitutes an abuse of discretion if the action: (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319

4

P.3d 1253 (2014). A district court only abuses its discretion when no reasonable person would agree with its view or the decision is based on an error of law or fact. *State v. Pfannenstiel*, 302 Kan. 747, 760, 357 P.3d 877 (2015). The defendant, Brewer, bears the burden of establishing an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Pursuant to K.S.A. 2015 Supp. 21-6815(a), the sentencing judge must impose the sentence provided for in the sentencing guidelines unless the district judge finds "substantial and compelling reasons to impose a departure sentence." Substantial is defined as "something that is real, not imagined, something with substance and not ephemeral." *Jolly*, 301 Kan. at 314. Compelling reasons are those that force the court "to abandon the status quo and to venture beyond the sentence it would ordinarily impose." *State v. Hines*, 296 Kan. 608, 620, 294 P.3d 270 (2013). The district court considers both mitigating and aggravating factors when deciding whether substantial and compelling reasons exist to grant a departure sentence. K.S.A. 2015 Supp. 21-6815(c)(1) and (2). The district court is not required to impose a departure sentence. K.S.A. 2015 Supp. 21-6818(a) ("When a departure sentence is appropriate, the sentencing judge *may* depart from the sentencing guidelines." [Emphasis added.]).

On appeal, Brewer argues several mitigating factors that he claims should have given the court substantial and compelling reasons to grant a dispositional departure. Specifically, Brewer claims the court should have granted a dispositional departure because: (1) he had taken steps toward rehabilitation with the ministry courses he took while in jail; (2) inpatient treatment was available for his drug abuse; (3) he had no prior felony convictions; (4) his current conviction was unrelated to his prior convictions; (5) he had family responsibilities; and (6) he had accepted responsibility by entering a plea. Brewer argues these factors support the conclusion that the district court abused its discretion when it denied his motion for a dispositional departure.

5

We agree that many of the factors argued by Brewer can be considered by the court in considering a dispositional departure. See *State v. Crawford*, 21 Kan. App. 2d 859, 861, 908 P.2d 638 (1995) (Rehabilitative efforts and the defendant's responsibility for children may also be considered as a factor by the court when determining whether to grant a downward departure; *State v. Bird*, 298 Kan. 393, 398, 312 P.3d 1265 (2013) (The court can also consider that the defendant accepted responsibility for his actions as a mitigating factor in support of a departure.).

While these reasons may be compelling factors in support of a dispositional departure sentence, the district court is not required to impose a departure sentence. K.S.A. 2015 Supp. 21-6818(a). In this case, however, the court did grant a durational departure. The district court found that Brewer's lack of prior felony convictions, lack of drug related offenses, and acceptance of responsibility for his actions were substantial and compelling reasons for a durational departure.

In opposition, the State argues that Brewer pleaded no contest to and was convicted of the most serious drug offense in the state of Kansas, manufacturing methamphetamine, a severity level 1 drug offense. Unless a durational departure is granted, the legislature has provided this crime carries a minimum possible sentence of 138 months, or 11 1/2 years. See K.S.A. 2015 Supp. 31-6805(a).

The State also argues that by pleading no contest, Brewer did not accept responsibility. Unfortunately for the State, the district court found that acceptance of responsibility was a factor in granting the durational departure.

Finally, the State argues that the district court heard arguments that Brewer's criminal actions were increasing in severity and that the pattern of increasing criminality should weigh against a dispositional departure.

6

When looking at the factors considered by the district court, the district court's decision was not arbitrary, fanciful, or unreasonable. A reasonable person could conclude that Brewer should have been given the presumptive dispositional sentence and sent to prison. Thus, the district court did not abuse its discretion in denying Brewer's motion for a dispositional departure.

Affirmed.