NOT DESIGNATED FOR PUBLICATION

No. 120,048

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARK A. TURNER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed June 28, 2019. Affirmed.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Candice A. Alcaraz*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN and POWELL, JJ.

PER CURIAM: Mark A. Turner pleaded guilty to aggravated battery. The trial court granted him a downward durational departure and sentenced him to 96 months' imprisonment. On appeal, Turner argues that the district court erred in refusing to grant him a greater departure. Finding no error, we affirm.

In November 2017, Turner shot another man in the leg after an argument. He later pleaded guilty to one count of aggravated battery, a severity level 5 person felony.

1

Because Turner had a criminal history score of B, his presumptive sentence was a prison term of 114 to 128 months. The State agreed to recommend a durational departure to 96 months' imprisonment. Turner was free to request a greater departure.

Turner moved for a greater departure, arguing these substantial and compelling reasons existed: (1) he pleaded guilty, saving the State and the court the time and expense of a jury trial; (2) his most recent felony conviction was 10 years earlier; (3) he had a wife and four children; (4) he had employment before his arrest; (5) he had been a trustee in jail and completed 45 courses while incarcerated; (6) he underwent a drug evaluation and needed no treatment; and (7) he had support from community members. For these reasons, he asked the district court to depart to a prison term of less than 96 months.

At sentencing, the district court found substantial and compelling reasons to depart. The court noted that Turner had pleaded guilty, avoiding a jury trial. The court also acknowledged the work that Turner had done since being incarcerated. And the court affirmed that Turner's last felony conviction was almost 10 years ago. But the court added that Turner's current conviction was his fourth battery conviction. As a result, the court granted a departure but sentenced Turner to the State's recommended 96 months' imprisonment. Turner appeals.

*Did the District Court Err by Declining to Grant a Greater Durational Departure?*

On appeal, Turner argues the trial court erred in declining to grant a greater departure. A defendant may appeal the grant of a downward departure that is less than or different than requested. *State v. Looney*, 299 Kan. 903, 909, 327 P.3d 425 (2014). When the defendant challenges the extent of a durational departure, "the appellate standard of review is abuse of discretion, measuring whether the departure is consistent with the purposes of the guidelines and proportionate to the crime severity and the defendant's

2

criminal history." *State v. Spencer*, 291 Kan. 796, 807-08, 248 P.3d 256 (2011). A judicial action constitutes an abuse of discretion (1) if no reasonable person would take the view adopted by the district court; (2) if it is based on an error of law; or (3) if it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). Turner does not argue that the district court made an error of law or fact, so we must determine whether any reasonable person could agree with the district court's decision.

K.S.A. 2018 Supp. 21-6815 allows a district court to impose a departure sentence for substantial and compelling reasons. Substantial means something of substance, not imaginary or fleeting. And compelling implies that the case's facts force the court to go beyond what is ordinary. *State v. Reed*, 302 Kan. 227, 250, 352 P.3d 530 (2015).

Turner argues that his substantial and compelling reasons were overwhelming and justified a greater departure. He reiterates the same reasons he argued to the district court. And he is right that many of his reasons could support a departure sentence. See, e.g., *State v. Crawford*, 21 Kan. App. 2d 859, 908 P.2d 638 (1995) (affirming departure sentence based in part on family support, employment record, and rehabilitation efforts).

But Turner's current crime of conviction was a violent crime. He also had a criminal history score of B, which included three other battery convictions:  a 1999 felony battery conviction; a 2008 felony aggravated battery conviction; and a 2016 misdemeanor domestic battery conviction. One of the sentencing guidelines' purposes is ensuring that prison space is reserved for serious, violent offenders who present a threat to public safety. *State v. Favela*, 259 Kan. 215, 233, 911 P.2d 792 (1996). The district court's refusal to grant a greater departure is consistent with this purpose because Turner was a violent offender.

The record also shows the district court carefully considered the reasons for and against granting a greater downward departure. At sentencing, the court explained,

3

> "These cases are never very easy to come up with a number . . . . The State argues, and appropriately, that the plea bargain they reached and that they argued for the 96 months does still give you a substantial amount of time off, two years. Defense is saying long record—long ago record and look what he's done since that time. And I am not even close to disagreeing with that. What you have done is very good.
>
> "So in reviewing everything, while I do find substantial and compelling reasons to depart from the 120 months, with the record and the history, I do maintain the 96-month agreement or recommendation by the State is appropriate . . . ."

Given Turner's current crime of conviction and his criminal history, a reasonable person could agree with the court's decision.

Turner also argues his incarceration "will not serve society." He highlights the expense involved in incarcerating an inmate. He claims he needed treatment to change his behavior, but the KSGA focuses on incarcerating criminals instead of rehabilitating them. And he adds that the ABA Standards for Criminal Justice recognize a preference for community-based rehabilitative programs and recommend nonincarcerative punishment for all but the most serious offenses.

Turner did not present any of these arguments to the district court. Nor did he request a dispositional departure. The district court does not act unreasonably by failing to grant a dispositional departure that was not requested or by failing to consider reasons for a departure that were not argued.

And while Turner's incarceration may cost the State money, it will still serve society in other ways. While in prison, Turner will be incapacitated, protecting the public from a violent offender. And not only will prison deter Turner from committing future crimes, it will also deter the public from doing so by showing the community that someone who commits aggravated battery will likely be sent to prison.

4

In sentencing Turner, the district court carefully considered Tuner's reasons for departure as well as his crime of conviction and criminal history. The length of sentence the court chose is a reasonable departure sentence. Accordingly, we conclude that the district court did not abuse its discretion.

*Did the Trial Court Err in Sentencing Turner Based on His Prior Convictions?*

Turner also argues that the district court violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), when it increased his sentence based on his criminal history without first requiring the State to prove his criminal history to a jury beyond a reasonable doubt. Turner did not object to the use of his criminal history this way, but our Supreme Court has held that appellate courts can consider the application of *Apprendi* for the first time on appeal. *State v. Anthony*, 273 Kan. 726, 727, 45 P.3d 852 (2002). Turner concedes that our Supreme Court has already rejected this argument in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). He raises it now to preserve it for possible federal review.

This court is duty bound to follow our Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). There is no such indication here. Thus, the district court did not err in using Turner's criminal history without first requiring the State to prove it beyond a reasonable doubt to a jury.

Affirmed.