(12 P.3d 924)

No. 83,611

STATE OF KANSAS, *Appellee*, v. JOHNNIE MCKAY, JR., *Appellant*.

Opinion filed November 9, 2000.

*Brent Getty*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Elizabeth Reimer*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BRAZIL, C.J., LEWIS and KNUDSON, JJ.

KNUDSON, J.: Johnnie McKay appeals the imposition of a dispositional upward departure sentence. The district court's stated reasons were that McKay absconded while on pretrial release and was, therefore, not an appropriate candidate for probation.

We reverse and remand for resentencing before another district judge.

McKay was charged with five counts of forgery and released on a $2,500 appearance bond without surety. He subsequently waived preliminary examination, was arraigned, and was given a trial date of March 15, 1999. Notwithstanding successful plea negotiations that would avoid trial, McKay had failed to appear for entry of his guilty pleas and had absconded from March 15, 1999, until May 17, 1999. The record is not clear as to how McKay was later taken into custody. It does not appear there was any extradition proceeding or that the State incurred any travel expenses. In any event, we know McKay was in custody from May 17, 1999, until sentenced on June 30, 1999, a total of 45 days. We also note McKay was given a total of 50 days' credit on the sentences that were imposed.

On June 3, 1999, McKay appeared before Judge Joseph Bribiesca and, pursuant to the plea negotiations, entered pleas of guilty to five counts of forgery. The State agreed to recommend presumptive sentences to be served concurrently and not to request departure. McKay was ordered to appear before Judge David Kennedy for sentencing.

On June 9, 1999, McKay's motion for a reduction of the $15,000 bond, which had been imposed when he absconded, came before Judge Kennedy for hearing. McKay's attorney told the court: "[McKay] has a wife and three children and, when he was out, he's always been employed, providing for them. Without his being out, his wife and children are otherwise eligible for assistance. His wife is also seven months pregnant."

Kennedy denied the motion and informed the parties:

"I also at this time will give notice to [McKay's attorney] the fact that Mr. McKay was gone for two months shows his inability to or at least is some indication of his inability to be rehabilitated by probation, and that that will be a factor I will be considering at the time of sentencing in this case."

On June 30, 1999, McKay appeared before Judge Kennedy to be sentenced. McKay's criminal history consisted of four prior non-person misdemeanors. The presumptive midline sentence for each forgery was 8 months' imprisonment with probation for 24 months. In rejecting the parties' joint recommendation for concurrent sentences and probation, Judge Kennedy imposed consecutive sentences totaling 13 months and denied probation. Kennedy's reasons for the dispositional departure were: "I'll find Mr. McKay's attitude toward the seriousness of this offense, his intentional missing of a court date indicates he's not a candidate for probation. He's not subject to rehabilitation at this point in time."

On appeal, McKay contends the factor relied upon by Judge Kennedy was not a substantial and compelling reason to depart from the presumptive sentence of probation.

Our review of a sentencing departure is twofold. K.S.A. 21-4721(d) first requires this court to review the district court's departure findings to determine if the evidence supports those findings. *State v. Smart*, 26 Kan. App. 2d 808, 813, 995 P.2d 407 (1999).

A sentence may only be enhanced if the departure factor is supported by substantial evidence. In order to reverse the district court's findings, this court must be convinced the findings are clearly erroneous or unsupported by the evidence. 26 Kan. App. 2d at 813 (citing *State v. Gideon*, 257 Kan. 591, 622-23, 894 P.2d 850 [1995]).

Second, this court must review the findings to see if they constitute substantial and compelling reasons to depart. Whether the district court relied upon a substantial and compelling basis for departure is a question of law over which this court has unlimited review. See *Gideon*, 257 Kan. at 623. The court must state on the record at the time of sentencing the substantial and compelling reasons for the departure. The court's comments at the time of sentencing govern as to the reasons for departure. *State v. Jackson*, 262 Kan. 119, 134-35, 936 P.2d 761 (1997).

K.S.A. 1999 Supp. 21-4716(b)(2) provides a list of nonexclusive factors to be considered by the court in ordering a durational upward departure. Leaving the court's jurisdiction and missing a court date is not one of the enumerated factors. However, in *State v. Billington*, 24 Kan. App. 2d 759, 763, 953 P.2d 1059 (1998), failure to appear as ordered was considered and held to be a substantial and compelling reason for imposition of an upward dispositional departure sentence. In *Billington*, the defendant absconded for 2 years. In upholding the district court's decision to depart, the Court of Appeals held: "The fact that the defendant in this case had absconded for over 2 years after being placed in a halfway house on bond was a substantial and compelling reason to depart from the presumptive sentence." 24 Kan. App. 2d 759, Syl. ¶ 4.

We believe the underlying facts in *Billington* need to be carefully considered. Billington was on house arrest in a halfway house when he absconded for 2 years. As part of a plea agreement, the State agreed to recommend that Billington be placed on probation through community corrections. The trial court refused to impose the sentences recommended by the parties, finding the defendant's behavior showed that he was not amenable to probation. In the case now before us, there are no similar aggravating factors sup-

porting the conclusory finding of unamenability to probation or community correction services.

"The final analysis in reviewing a departure sentence is not whether any departure factor, in isolation, can be a substantial and compelling reason for departure but whether, as a whole, the factors are substantial and compelling reasons for imposing a departure sentence in light of the offense of conviction, the defendant's criminal history, and the purposes of the sentencing guidelines." *State v. Grady*, 258 Kan. 72, Syl. ¶ 11, 900 P.2d 227 (1995).

McKay has no prior felony convictions. His crimes of conviction were for nonviolent misdemeanors. He has never been subject to supervised felony probation or placement in community corrections. McKay's absconding, although a serious transgression, was of limited duration and did not deter the State from proceeding with a recommendation for probation. McKay served 45 days in confinement after he was returned to custody. He has a pregnant wife and 3 children who depend on him for support. He apparently has a credible work history.

In his dissent, Judge Lewis accuses the majority of usurping the authority of the trial court. Nothing could be further from the truth. Under the sentencing philosophy expressed in *Grady*, we believe whether there are substantial and compelling reasons to support a sentencing departure must turn on the totality of circumstances shown of record. The holding in *Billington* turned on the specific facts of that case. So, also, the correct result in this case must rest upon the totality of facts we have related. We firmly believe those facts do not support the district court's decision. We conclude substantial and compelling reasons have not been shown to support a dispositional departure.

Reversed, sentence vacated, and remanded for resentencing.

LEWIS, J., dissenting: I am unable to agree that the absconding of a defendant from entering a plea in a criminal case which lasts for 2 months is *not* a substantial and compelling fact on which to base an upward departure. Accordingly, I dissent from the majority opinion.

In my judgment, the philosophy of the majority indicates a desire on its part to usurp the authority of the trial court in sentencing

matters. It is not our function to substitute our opinion for that of the trial court.

The majority independently reviews the facts such as the fact that the defendant had no prior felony convictions, that his crimes of convictions were for nonviolent misdemeanors, that he had never been subject to supervised felony probation, and that his absconding was of limited duration. After considering all of these facts, the majority concludes that there was no substantial and compelling reason to depart from the presumptive sentence. This sounds to me like re-weighing the facts before the sentencing judge.

This is a case where the defendant absconded and removed himself from the jurisdiction of the court for a period of 45 days. He failed to appear for scheduled dates on which to enter his plea of guilty to the charges. I can find no logic in a rule that says a trial judge does not have substantial and compelling reasons to depart from the presumptive sentence of probation when the defendant has absconded from the jurisdiction of the court and has failed to appear on a scheduled date to plead guilty. The trial judge in this case is an experienced and able trial judge, and he departed by saying: "I'll find Mr. McKay's attitude towards the seriousness of this offense, his intentional missing of a court date, indicates he is not a candidate for probation. He is not subject to rehabilitation at this point in time." After making those comments, the trial judge imposed a departure sentence.

If absconding and failing to appear are not substantial and compelling reasons to depart from a presumptive sentence of probation, then I find it difficult to imagine what would suffice under the majority opinion.

We are appellate judges. We are not trial judges. We have not had the advantage of observing the defendant, of noting his demeanor, of noting his actions, of getting a feeling that one can only receive by observing an individual in an "up close and personal" manner. We have chosen to reverse a decision based on nothing more than the cold printed record. I believe this makes us, in essence, the sentencing court. I do not believe that appellate courts have this authority, and I strongly dissent from the decision the

majority entered in this matter. It represents a point of way entirely antagonistic to the Supreme Court's decision in *State v. Favela*, 259 Kan. 215, 911 P.2d 792 (1996). I would affirm the trial court.