No. 83,611

STATE OF KANSAS, *Appellee*, v. JOHNNIE MCKAY, JR., *Appellant.*

(26 P.3d 58)

Opinion filed July 13, 2001.

*Mary Curtis*, assistant appellate defender, argued the cause, and *Brent Getty*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, were on the brief for appellant.

*Lesley A. McFadden*, assistant district attorney, argued the cause, and *Elizabeth Reimer*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla Stovall*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: The State of Kansas petitions this court for review of a published Court of Appeals' opinion finding the fact that the defendant Johnnie McKay, Jr., absconded from the court's jurisdiction for 2 months was not a substantial and compelling reason to depart from the presumptive sentence of probation. See *State v. McKay*, 28 Kan. App. 2d 185, 12 P.3d 924 (2000).

The facts of this case are as follows: The defendant entered into a plea agreement with the State of Kansas wherein he agreed to plead guilty to five counts of forgery for presenting improper time cards to a temporary agency where he was employed. The State agreed to recommend that the mid-range sentence on the appropriate grid box under the Kansas Sentencing Guidelines be imposed, that no fine be imposed, and that the court follow the presumptive disposition, which was probation due to the defendant's criminal history score.

Notwithstanding this plea agreement, the defendant absconded for 2 months, missing his original date to enter a guilty plea. The defendant's attorney explained that the defendant had gone out of town for a funeral and did not have the funds to return. The defendant also explained that he did not purposely skip court but had forgotten the court date after he left. Prior to sentencing, the defendant filed a motion for bond reduction. The trial judge denied the motion because the defendant had absconded and cautioned the defendant:

"I also at this time will give notice to [defendant's attorney] the fact that [defendant] was gone for two months shows his inability to or at least is some indication of his inability to be rehabilitated by probation, and that that will be a factor I will be considering at the time of sentencing in this case."

At sentencing, the State recommended probation as the appropriate disposition. However, the trial judge stated: "I'll find Mr. McKay's attitude toward the seriousness of this offense, his intentional missing of a court date indicates he's not a candidate for probation. He's not subject to rehabilitation at this point in time." The trial court, therefore, sentenced the defendant to a controlling sentence of 13 months.

The defendant appealed this departure to the Court of Appeals. The Court of Appeals reversed, reasoning that while absconding could be considered in certain situations to be a substantial and compelling reason for departure, under the totality of the circumstances in the case, that sole fact was not sufficient. The Court of Appeals stated:

"McKay has no prior felony convictions. His crimes of conviction were for nonviolent misdemeanors. He has never been subject to supervised felony probation or placement in community corrections. McKay's absconding, although a serious transgression, was of limited duration and did not deter the State from proceeding with a recommendation for probation. McKay served 45 days in confinement after he was returned to custody. He has a pregnant wife and 3 children who depend on him for support. He apparently has a credible work history." 28 Kan. App. 2d at 188.

The Court of Appeals thus held that the totality of the facts did not support the trial court's decision.

The State petitioned this court for review of the Court of Appeals' decision, and we granted review.

The question in this case is whether the fact that the defendant absconded for a period of 2 months between entry of the plea and sentencing is a substantial and compelling reason for the trial court to depart from the presumptive sentence of probation. This court's review of dispositional departure sentences is limited to whether the sentencing court's findings of fact and reasons justifying a departure: (1) are supported by the evidence in the record and (2) constitute substantial and compelling reasons for departure. K.S.A. 21-4721(d). There is no question in this case that the trial court's finding that the defendant absconded for 2 months is supported by the record. The only question is whether that fact, standing

alone, constitutes a substantial and compelling reason for departure.

Whether the factors relied upon by the court constitute substantial and compelling reasons for departure is a question of law. *State v. Jackson*, 262 Kan. 119, 936 P.2d 761 (1997). The term "substantial" refers to something that is real, not imagined; something with substance and not ephemeral. The term "compelling" implies that the court is forced, by the facts of a case, to leave the status quo or go beyond what is ordinary. *State v. Eisele*, 262 Kan. 80, Syl. ¶ 2, 936 P.2d 742 (1997). The question is whether the departure factors, as a whole, are substantial and compelling reasons for imposing a departure sentence in light of the offense of conviction, the defendant's criminal history, and the purposes of the sentencing guidelines. *State v. Grady*, 258 Kan. 72, 89, 900 P.2d 227 (1995).

The Court of Appeals in the case at hand looked at the totality of the circumstances, including the offense of conviction and the defendant's criminal history in determining that the departure factor relied upon was not substantial and compelling. The State contends that the Court of Appeals erred by reweighing the facts and substituting its judgment for that of the trial court. The State argues that the Court of Appeals should have given deference to the trial court's determination.

However, we must stress that an appellate court reviews the question of whether the departure factors are substantial and compelling as a question of law. *State v. Jackson*, 262 Kan. at 134. In *State v. Favela*, 259 Kan. 215, 232, 911 P.2d 792 (1995), the defendant raised an argument similar to the State's argument in the instant case, contending that

"if an appellate court should review the sentencing court's reasons for departing to see if they are substantial and compelling as a matter of law, this would violate the policy that the finder of fact is in the best position to rule upon the credibility, sufficiency, and weight of the evidence."

We disagreed, stating that the issue should be reviewed de novo with no deference given to the sentencing court. 259 Kan. at 233. We have stated that the analysis of this question is twofold: First,

is a particular reason given by the sentencing court a valid departure factor and, second, are the reasons, as a whole, substantial and compelling reasons for departure in a given case? *Grady*, 258 Kan. at 83. In contrast to the State's assertion that an appellate court should not reweigh the evidence, we stated in *Grady* that when determining whether reasons given are substantial and compelling as a question of law,

"[r]easons which may in one case justify departure may not in all cases justify a departure. Rather, the inquiry must evaluate the crime and the departure factors as a whole to determine whether departure in a particular case is justified. It is a question of what weight to give each reason stated and what weight to give the reasons as a whole in light of the offense of conviction and the defendant's criminal history. The inquiry also considers the purposes and principles of the KSGA." 258 Kan. at 83.

Thus, contrary to the State's argument, the Court of Appeals was not bound to give deference to the sentencing judge's determination that the defendant's absconding was a substantial and compelling reason for departure. The question remains, however, as to whether the Court of Appeals was correct in its determination of the issue of law. The essential question, therefore, is whether the sole fact that the defendant absconded for a period of 2 months is a substantial and compelling reason for departure as a matter of law.

K.S.A. 1999 Supp. 21-4716(b)(2) contains a nonexclusive list of factors that may provide substantial and compelling reasons for departure. Absconding is not on the list. However, courts in Kansas have addressed absconding defendants in connection with departure sentences in two cases. In *State v. Billington*, 24 Kan. App. 2d 759, 953 P.2d 1059 (1998), the defendant absconded for a period of 2 years between the time he was arrested and the time of trial. Based on this sole factor, the district court departed from the presumptive sentence. The Court of Appeals found that this factor was substantial and compelling, stating:

"We hold that when a defendant is placed on bond or some other form of pretrial release and subsequently absconds or escapes from his pretrial release and fails to appear for trial on the date scheduled, this fact may be used by a trial

court as a substantial and compelling reason for departure." 24 Kan. App. 2d at 763-64.

Similarly, in *State v. Mitchell*, 262 Kan. 434, 447, 939 P.2d 879 (1997), this court found that the defendant's absconding on several occasions, combined with the defendant's attitude toward parole and the commission of crimes while on parole, constituted substantial and compelling reasons to justify a departure.

Thus, the answer to the question of whether the particular reason given by the sentencing court was a valid departure factor is yes. A defendant's absconding is a valid factor, especially where the departure in question is a dispositional one from a sentence of presumptive probation, as it bears with great weight on the defendant's ability to abide by the restrictions of probation. However, our analysis is not finished, for we noted in *State v. Grady*: "Reasons which may in one case justify departure may not in all cases justify a departure." 258 Kan. at 83. Rather, we must evaluate the offense of conviction, the defendant's criminal history, and the departure reason stated, as well as the purposes and principles of the Kansas Sentencing Guidelines. *State v. Tiffany*, 267 Kan. 495, 504-05, 986 P.2d 1064 (1999); *Grady*, 258 Kan. at 83.

In *State v. Favela*, we set forth several objectives of the Kansas Sentencing Guidelines: (1) Prison space should be reserved for serious/violent offenders; (2) the degree of sanctions imposed should be based on the harm inflicted; (3) sanctions should be uniform and not related to socioeconomic factors, race, or geographic location; (4) penalties should be clear so everyone can understand exactly what has occurred after they are imposed; (5) incarceration should be reserved for serious violent offenders who present a threat to public safety; (6) the State has an obligation to rehabilitate those incarcerated, but persons should not be sent to prison solely to gain education or job skills; and (7) the system should be rational to allow policymakers to allocate resources. 259 Kan. at 233. We also set forth three legislative purposes of the guidelines: to reduce prison overcrowding, protect public safety, and standardize sentences so similarly situated offenders are treated the same. 259 Kan. at 233-34.

The defendant was convicted of five counts of forgery. He was released on a $2,500 appearance bond without surety. His absence from the state was for a period of 2 months between the time of the plea agreement and the time of his sentencing. There is no indication that the State incurred any expense in bringing him back to Kansas; rather, the evidence is that he returned to the State and turned himself in. He had no prior felonies, and other than delaying sentencing, the defendant's absence caused no additional harm. This stands in contrast to the defendant in *Billington*, who absconded for 2 years. See 24 Kan. App. 2d at 763. This also stands in contrast to the defendant in *Mitchell*, who absconded twice and committed crimes while on parole. See 262 Kan. at 447.

The presumptive disposition under the Kansas Sentencing Guidelines in this case is probation. The sentencing of the defendant to probation would advance several of the objectives of the Kansas Sentencing Guideline, that prison space should be reserved for serious/violent offenders; that the degree of sanctions should be based on the harm inflicted; and that incarceration should be reserved for offenders who represent a threat to society. See *State v. Favela*, 259 Kan. at 233. Under the totality of the circumstances, we hold that the defendant's absconding for 2 months did not constitute a substantial and compelling reason to depart from the presumptive sentence. The decision of the Court of Appeals is affirmed.

Judgment of the Court of Appeals reversing the district court, vacating the defendant's sentence, and remanding for resentencing are affirmed; judgment of the district court is reversed.

LARSON, J., dissenting: While the trial court might have been more expansive in enumerating the reasons for imposing an upward dispositional departure in this case, I would hold the reasons given constitute substantial and compelling reasons to depart. The trial judge was benefitted by the presence of the defendant and determined that "Mr. McKay's attitude toward the seriousness of this offense, his intentional missing of a court date, indicate he's not a candidate for probation. He's not subject to rehabilitation at this point in time." These findings were made after the defendant

had deliberately and intentionally failed to make a court appearance where he was to be sentenced.

The Court of Appeals' majority opinion and our majority here seem to approve of absconding from the jurisdiction if it is only for a limited period of time of from 45 days to 2 months. I find this reasoning questionable. This is a sentencing matter better left to a sentencing judge whose evaluation of the defendant is based on a closer contact and a better view of the situation than an appellate court. I would affirm the trial court and dissent from the majority herein.

MCFARLAND, C.J., and ABBOTT, J., join the foregoing dissenting opinion.