NOT DESIGNATED FOR PUBLICATION

No. 118,664

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

SAMUEL L. REED,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC A. COMMER, judge. Opinion filed January 11, 2019.
Affirmed.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*David L. Miller*, of Ney, Adams & Miller, of Wichita, for appellee.

Before HILL, P.J., BUSER, J., and SIDNEY R. THOMAS, District Judge, assigned.

PER CURIAM:  A jury convicted Samuel L. Reed of attempted first-degree murder. The sentencing court imposed a downward departure sentence on remand. The State appeals. For the reasons below, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On September 6, 2010, Reed shot Amos Becknell twice. Becknell survived. Police arrested Reed and a codefendant, Michael Price, for the shooting. The State charged Reed

1

and Price with attempted first-degree murder. Price reached a plea agreement with the State and received probation. Reed pled not guilty and proceeded to a jury trial. The jury convicted Reed of attempted first-degree murder.

Before sentencing, Reed filed a motion for sentencing departure. Reed had a criminal history score of A, which was a result of three prior person felony convictions from one case. The 2010 grid sentences for attempted first-degree murder for an individual with a criminal history score of A were 653, 620, or 592 months. The State requested a 653-month sentence. After a sentencing hearing, the trial court imposed a downward durational departure sentence of 272 months in prison. The 272-month sentence was equivalent to the sentence a person with a criminal history score of C would have received for attempted first-degree murder. The only reason given for the departure in the journal entry was the "disparity between guidelines grid and penalty for completed murder."

The State appealed the departure sentence and Reed cross-appealed his conviction. This court upheld both the departure sentence and the conviction. *State v. Reed*, No. 106,807, 2013 WL 451900, *1 (Kan. App. 2013) (unpublished opinion). Both parties petitioned for review. Our Supreme Court upheld Reed's conviction but vacated the departure sentence and remanded for resentencing. *State v. Reed*, 302 Kan. 227, 229, 352 P.3d 530 (2015). Our Supreme Court held that it was error for the trial court to consider as a mitigating factor the disparity between sentences for attempted murder and completed murder. 302 Kan. at 252.

Reed submitted another motion for a sentencing departure before the resentencing hearing. The State requested a 630-month sentence. After the resentencing hearing, the sentencing court imposed another downward durational departure sentence of 272 months. The court said that a "principal consideration" for the departure was the disparity between the sentences for attempted murder and completed murder. The court said that

other considerations in favor of the departure included Reed's age and immaturity, the fact that Reed's A criminal history score overstated his actual criminal conduct, and the fact that at one point during trial, the State offered Reed a plea deal with a 12-year sentence.

The State again appealed the departure sentence. This court vacated the sentence because the trial court's principal basis for the departure sentence once again was the disparity in sentences associated with convictions for completed or attempted first-degree murder. *State v. Reed*, No. 115,013, 2016 WL 6396313, *4 (Kan. App. 2016) (unpublished opinion). This court remanded for resentencing with a different judge. Our Supreme Court denied review.

Reed filed a third departure motion before the third sentencing hearing. The State requested a 620-month sentence. The sentencing court imposed a 230-month sentence. The court gave five reasons on the record for the departure:

- Reed's criminal history was less significant than that of most other defendants with an A criminal history score;
- Reed's "young age and lack of maturity" at the time of both the case responsible for his A criminal history score and the case at hand;
- the State offered Reed a plea deal where he would have served 12 years;
- Reed apologized to Becknell and Becknell's family in open court; and
- Reed had a young son and expressed a desire to be active in his son's life.

The State objected to the departure sentence at the hearing, and timely appealed.

ANALYSIS

Courts are to impose presumptive sentences unless the district court finds "substantial and compelling reasons to impose a departure sentence." K.S.A. 2017 Supp.

3

21-6815(a). If a departure is granted, the sentencing court is to state on the record what the substantial and compelling reasons are and make appropriate findings of fact. *State v. Theurer*, 50 Kan. App. 2d 1203, 1215, 337 P.3d 725 (2014). Courts may consider both statutory and nonstatutory mitigating factors during sentencing. *State v. Blackmon*, 285 Kan. 719, 724, 176 P.3d 160 (2008). A mitigating factor is substantial if it is "real, not imagined, and of substance, not ephemeral. [Citation omitted.]" *State v. Hines*, 296 Kan. 608, 616, 294 P.3d 270 (2013). To be compelling, a mitigating factor "must be one which forces the court, by the facts of the case, to abandon the status quo and to venture beyond the sentence that it would ordinarily impose. [Citation omitted.]" *Hines*, 296 Kan. at 620. "When even one factor relied upon by the sentencing court is substantial and compelling, the departure sentence should be upheld." *State v. Bird*, 298 Kan. 393, 398, 312 P.3d 1265 (2013).

The proper standard of review for a departure sentence depends on the question raised as follows:

> "When we consider whether the record supports an articulated reason for departing, we review for substantial competent evidence. In contrast, when we determine whether a particular factor can '*ever*, as a matter of law, be substantial and compelling in *any* case,' our review is unlimited. Finally, when the record supports the articulated departure reasons and the articulated reasons are legally valid, we apply an abuse of discretion standard to determine whether a particular mitigating factor constituted a substantial and compelling reason to depart.

> "When even one factor relied upon by the sentencing court is substantial and compelling, the departure sentence should be upheld. Conversely, each individual factor, standing alone, need not be sufficient to justify the departure if the reasons collectively constitute a substantial and compelling basis for departure. [Citations omitted.]" *Bird*, 298 Kan. at 397-98.

On appeal, the State argues that the sentencing court's reasons for departure were not supported by substantial competent evidence and were not substantial or compelling.

4

We conclude that two of the court's given factors were indeed supported by substantial competent evidence and together are a substantial and compelling reason to depart. We therefore affirm, and need not address the remaining three factors.

*Reed's Criminal History Score*

The first mitigating factor that the sentencing court listed as a reason for departure was the disparity between the circumstances of Reed's A criminal history score and that of "most other criminal defendants" with an A-score. The sentencing court emphasized that Reed's A-score resulted from three convictions in one case—2009 CR 595. Of the three, two were convictions for criminal threat for threatening two acquaintances with gun violence, and one was a conviction for battery against a law enforcement officer for kicking out a police car window after being arrested, resulting in glass hitting a police officer. The sentencing court also noted that Reed was 17 years old when he committed the underlying crimes in 2009 CR 595 and concluded that Reed's A criminal history score was less significant than most other defendants with an A-score. Without the three crimes from 2009 CR 595, Reed's criminal history score would have been G. The sentence for attempted first-degree murder for an offender with a G-score ranges from 184 to 203 months, a significantly shorter sentence than the 592 to 653-month sentence range for an offender with an A-score.

On appeal, the State asserts there was lack of substantial competent evidence to support the sentencing court's conclusion that Reed's A-score differed significantly from the typical A-score offender. Although it is not completely clear from the State's argument, we believe we need to address: (1) whether there is substantial competent evidence in the record to support this reason to depart, and (2) if we find the record does support the reason to depart and that the reason is a legally valid, then "we apply an abuse of discretion standard to determine whether a particular mitigating factor constituted a substantial and compelling reason to depart." *Bird*, 298 Kan. at 398. "Substantial

competent evidence is legal and relevant evidence a reasonable person could accept to support a conclusion." *Bird*, 298 Kan. at 399.

The sentencing court's conclusion that Reed's A-score was less significant than most other defendants with an A-score relies on three facts. All three of these facts are supported by substantial competent evidence. The first fact is that Reed was 17 when he committed the crimes underlying his three person felony convictions. The record shows Reed was born in June 1991, and he made the criminal threats on September 19, 2008, and committed battery against a law enforcement officer on September 23, 2008. The second fact is that all three person felonies resulted from a single case. The record shows this is true; all three convictions were in case 2009 CR 595. The third fact is that the court stated that the circumstances of Reed's battery against a law enforcement officer were less significant than the circumstances typical of most A-score defendants. This factor consists of fact and opinion, but the factual part is indeed supported. The record shows that the battery charges resulted from Reed breaking a patrol car window while under arrest, sending pieces of the window flying and some of the broken glass hit an officer. It was the court's opinion that this offense was less severe than other conduct that has been charged as battery against a law enforcement officer. In sum, all three facts underlying the sentencing court's conclusion are indeed supported by substantial competent evidence.

Reed also cited to the United States Sentencing Guidelines (U.S.S.G.) for support. The U.S.S.G. allows a court to impose a departure sentence if it concludes "the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(b)(1). Even if the perceived over-representation of Reed's criminal history was not a factor listed in the U.S.S.G., however, the court could still consider it as a mitigating factor so long as the factor is consistent with the principles underlying the Kansas Sentencing Guidelines Act (KSGA). See *State v. McKay*, 271 Kan.

6

725, 730, 26 P.3d 58 (2001). In Reed's first appeal, our Supreme Court acknowledged that the sentencing court was "free to consider the underlying circumstances of Reed's earlier offenses to mitigate the impact of what the judge evidently believed was an unwarranted criminal history score." *Reed*, 302 Kan. at 253.

On appeal, the State unconvincingly argues that "if the concept of" U.S.S.G. § 4A1.3(b)(1) is going to be applied, "then it stands to reason its foundational framework should likewise be applied." The State then encourages this court to review Reed's criminal history "in its entirety" and look to

> "the nature of the prior convictions, as well as their circumstances and ages; the defendant's age when he or she committed the prior crimes; the length of the prior sentences; what was happening in the defendant's life when the offenses were committed; and the closeness in time of the prior offenses."

The State asserts if Reed's criminal history is viewed in this light, what it really shows is a "portrait of an individual who was actively involved in a gang lifestyle with a propensity for gun violence." Effectively, the State invites this court to reweigh the evidence on appeal and come to the State's favored conclusion. We decline this invitation.

In short, we find precedent from our Supreme Court establishes that the circumstances of past convictions may be a proper mitigating factor. Moreover, we find this mitigating factor is supported by substantial competent evidence as outlined above. As a result, the State's only means of attacking the sentencing court's use of Reed's overstated criminal record as a mitigating factor is an abuse of discretion challenge arguing that the factor does not constitute a substantial and compelling reason for departure in this case. *State v. Spencer*, 291 Kan. 796, 807, 248 P.3 256 (2011).

This court may not reweigh evidence under an abuse of discretion review. Under an abuse of discretion review, this court will reverse the sentencing court's decision only if no reasonable person would agree with the ruling. The State, as the party challenging the sentencing court's decision, bears the burden to show an abuse of discretion. *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011). The State urges this court to conclude that Reed's criminal history shows only that he was gang-affiliated and prone to escalating violence.

While a reasonable person could look at Reed's criminal history and come to the State's favored conclusion, that is not the proper standard. The proper standard for our review is whether a reasonable person could look at Reed's criminal history and come to the same conclusion as the sentencing court. *Anderson*, 291 Kan. at 855. Reed was only 17 when he committed the crimes charged in a single criminal case that gave him an A criminal history score. A reasonable person could conclude that Reed kicking out a car window which caused some glass to hit a law enforcement officer, is not as severe as other forms of battery against a law enforcement officer. A reasonable person could also conclude that awarding Reed the highest possible criminal history score because of convictions from one case stemming from conduct as a minor does, in fact, overstate Reed's criminal history as compared to other A-score offenders. Accordingly, the sentencing court's use of this factor is legally valid, supported by substantial competent evidence, and passes abuse of discretion review.

*Reed's Age and Lack of Maturity*

The second mitigating factor the sentencing court relied on was Reed's young age both at the time of the shooting and at the time of the case responsible for his A criminal history score. Reed was 17 at the time of 2009 CR 595, and 19 when he shot Becknell. On appeal, the State argues that the sentencing court erred by relying on Reed's age as a mitigating factor without articulating why it was significant. The State cites *State v.*

8

*Ussery*, 34 Kan. App. 2d 250, 259, 116 P.3d 735 (2005), in support of its claim that "[r]eliance upon the relative age of a defendant, absent any analysis of how such tender years played a mitigating role, is improper and does not form a substantial and compelling basis to depart from a presumptive sentence."

*Ussery* held that the sentencing court erred when it considered as a mitigating factor Ussery's age (18) and grid sentence (147 to 165 months) compared to the age (17) and sentence (30 months in juvenile detention) of a codefendant who the sentencing court considered the "primary instigator." 34 Kan. App. 2d at 252-53, 258. In its analysis *Ussery* cited *State v. Favela*, 259 Kan. 215, 237-38, 911 P.2d 792 (1996), to acknowledge that our Supreme Court has recognized a defendant's immaturity and impaired judgment due to age as a valid mitigating factor. 34 Kan. App. 2d at 258. However, the facts in *Favela* differ in important ways. For example, *Ussery* held that the sentencing court erred by considering Ussery's age relative to that of his codefendant, rather than engaging in "individualized consideration" of Ussery's "relative age, immaturity, and impaired judgment as distinguished from the average adult offender." 34 Kan. App. 2d at 258. The sentencing court in this case did not try to use the defendant's age relative to a codefendant's like the sentencing court in *Favela* did.

More recently, this court decided *State v. Cato-Perry*, 50 Kan. App. 2d 623, 332 P.3d 191 (2014). In that case the sentencing court, like the one here, listed as a mitigating factor Cato-Perry's young age at the time he committed the crimes, with no elaboration. This court wrote that "without more, the fact that Cato-Perry was 19 or just turned 20 years old when he committed the aggravated robbery, standing alone, is not a substantial and compelling reason justifying a departure sentence as matter of law." 50 Kan. App. 2d at 631. Nevertheless, this court again cited to *Favela* to establish that in cases where the sentencing court cites to a defendant's young age but does not elaborate, the defendant's age may still be considered a mitigating factor in combination with other acceptable factors. 50 Kan. App. 2d at 631. This court held that the combination of Cato-Perry's age

and another nonstatutory mitigating factor "were substantial and compelling reasons that justified [Cato-Perry's] departure sentence." 50 Kan. App. 2d at 633.

Finally, in our Supreme Court's decision in Reed's first appeal, the court noted that "[i]n the proper context, Reed's age may serve as part of the calculus in finding a substantial and compelling reason for departure." 302 Kan. at 253. Our Supreme Court again cited to *Favela* in support of this finding. 302 Kan. at 253.

The State cites to *Cato-Perry* to support its argument that "there is not substantial competent evidence defendant's age should have been considered as part of the greater departure criteria in this case." However, the fact that Reed was 17 at the time of his three person felonies in case No. 2009 CR 595 and 19 at the time he shot Becknell is well established and supported by substantial competent evidence. Under *Favela*, *Cato-Perry*, and *Reed*, a sentencing court may properly consider a defendant's young age—without any further elaboration—as a mitigating factor so long as it is combined with other proper mitigating factors.

In sum, a sentencing court's findings that a defendant's criminal history was less significant than most other defendants with a similar criminal history score can be a substantial and compelling reason to depart. Moreover, in this case the sentencing court did have substantial competent evidence to support such a finding and did not abuse its discretion by using this finding as a mitigating factor. As a result, it is a proper mitigating factor. Furthermore, Reed's age can also be considered together with this appropriate mitigating factor to establish a substantial and compelling reason to depart. Therefore, the sentencing court here relied on two substantially supported, legally valid mitigating factors that are together substantial and compelling.

Affirmed.

10