NOT DESIGNATED FOR PUBLICATION

No. 123,194

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ERNEST CHARLES KLIMA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; CAREY L. HIPP, judge. Opinion filed April 30, 2021. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Douglas A. Matthews*, assistant county attorney, *M. Levi Morris*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: Ernest Charles Klima appeals the district court's denial of his motion for a dispositional departure to probation. Klima claims the district court abused its discretion in denying his motion for a dispositional departure to probation because community-based supervision was available to meet his personal needs given his poor health conditions. Upon review of the record, we find no abuse of discretion by the district court. We affirm.

1

In March 2020, a police officer contacted Klima in the local Walmart and arrested him for an outstanding warrant. As Klima proceeded to the front of the store in an electric wheelchair, he tried to hide a Ziploc bag containing a green leafy substance that looked like marijuana. Klima then tried to take off his jacket and refused to give it to the police officers. One of the officers observed Klima grab a pill bottle out of his jacket pocket and pull out a clear glass pipe with white residue and a bag containing a white powder substance. A field test revealed the green leafy substance was marijuana and the white powder was methamphetamine.

The State charged Klima with:

- unlawful possession of methamphetamine, in violation of K.S.A. 2019 Supp. 21-5706(a);
- unlawful possession of marijuana, or its active ingredient tetrahydrocannabinol, in violation of K.S.A. 2019 Supp. 21-5706(b)(3);
- resisting law enforcement, in violation of K.S.A. 2019 Supp. 21-5904(a)(3); and
- misdemeanor possession of drug paraphernalia, in violation of K.S.A. 2019 Supp. 21-5709(b)(2).

Klima pled guilty to and was convicted of possession of methamphetamine and possession of marijuana, with the State agreeing to recommend a departure sentence to probation if he tested clean at sentencing. The State dismissed the remaining charges. After his plea, the district court granted Klima's request for an own recognizance bond. The district court confirmed Klima understood the State was not bound under the plea agreement, including sentencing recommendations, if he failed to obey his bond

conditions. The State specifically required Klima to provide a clean urinalysis (UA) test at sentencing.

Prior to the sentencing hearing, Klima filed a motion for dispositional departure from his presumptive prison sentence to probation based on his age and poor health conditions. At the scheduled sentencing hearing, the State requested Klima provide a UA sample before the sentencing hearing proceeded. Klima's UA test was positive for methamphetamine and marijuana. Given Klima's positive results, the district court revoked Klima's bond, remanded him to custody in the county jail, and continued the sentencing hearing until a later date to ensure Klima was sober at the time of sentencing.

At sentencing, Klima argued that despite his positive UA test, he would benefit from a supportive living environment and would succeed on probation. The State argued dispositional departure was not appropriate because Klima could not follow the conditions of the plea agreement as he had been unable to remain clean for the short time he was out of jail on bond. Klima's presentence investigation report reflected a criminal history score of B with 34 prior convictions, including person and nonperson felonies and misdemeanors. The district court denied Klima's motion for dispositional departure to probation. However, the district court granted a durational departure based on his age and health issues from the mid-range sentence of 34 months to 24 months' imprisonment for possession of methamphetamine and a concurrent sentence of 11 months' imprisonment for possession of marijuana, with 12 months' postrelease supervision.

ANALYSIS

Klima argues the district court abused its discretion in denying his motion for a dispositional departure to probation. He asks this court to reverse the district court's sentence because his substance abuse issues would best be resolved through a supportive living environment in the community. The State argues the district court did not abuse its

3

discretion because Klima failed to provide a substantial and compelling reason to impose a departure sentence; thus, the judgment should be affirmed.

We have jurisdiction to review an appeal from a departure sentence under K.S.A. 2020 Supp. 21-6820(a). See *State v. Looney*, 299 Kan. 903, 909, 327 P.3d 425 (2014). We review the extent of a departure sentence under an abuse of discretion standard. *State v. Ibarra*, 307 Kan. 431, 433, 411 P.3d 318 (2018). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

The district court must impose the presumptive sentence provided by the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2020 Supp. 21-6801 et seq., absent substantial and compelling reasons to depart. K.S.A. 2020 Supp. 21-6815(a). Our Supreme Court defined the terms substantial and compelling in *State v. Blackmon*, 285 Kan. 719, 724, 176 P.3d 160 (2008):

> "To be substantial the reason must be real, not imagined, and of substance, not ephemeral. To be compelling the reason must be one which forces the court, by the facts of the case, to abandon the status quo and to venture beyond the sentence that it would ordinarily impose. [Citation omitted.]"

The district court must evaluate the totality of the circumstances, including the defendant's crime of conviction, criminal history, the reason for departure, and the purpose and principles of the KSGA. *State v. McKay*, 271 Kan. 725, 730-31, 26 P.3d 58 (2001).

Here, the State agreed in the plea agreement not to oppose probation if Klima tested clean at sentencing. He did not. His failure to remain clean released the State from

4

its agreed-upon sentencing recommendation. Klima still claims the State should be bound by the plea agreement even though he could not follow the terms of the agreement while he was out of jail on bond. He also argues the district court erred in denying his motion for a dispositional departure to probation because he would benefit from a supportive living environment and would also be better able to address his health issues and seek medical treatment on probation

Klima identifies no error of fact or law underlying the district court's decision. In light of Klima's convictions, bond violation, and extensive criminal history, the district court's decision is reasonable under the totality of the circumstances. Klima's argument is unavailing. He failed to show substantial and compelling reasons why the district court should abandon the presumptive sentence of imprisonment and grant his motion for dispositional departure to probation.

Klima has not established the denial of his dispositional departure motion was arbitrary, fanciful, or unreasonable. The district court was well within its statutory authority and sound discretion to deny Klima's motion for dispositional departure.

Affirmed.