NOT DESIGNATED FOR PUBLICATION

No. 124,370

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TYLER JAMES DUDLEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed October 7, 2022. Affirmed.

*Jennifer C. Bates*, of Kansas Appellate Defender Office, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HURST, P.J., HILL and ATCHESON, JJ.

PER CURIAM: Tyler James Dudley pled guilty to one count of aggravated criminal sodomy, one count of aggravated indecent liberties with a child, and two counts of sexual exploitation of a child—each offense qualified for special, mandatory sentencing of 25 years to life under Jessica's Law. Before sentencing, Dudley sought a downward durational departure from the Jessica's Law mandatory sentences to the normal guidelines sentencing scheme. The district court denied his motion and Dudley appeals, arguing that

1

the district court abused its discretion in determining that he did not demonstrate substantial and compelling reasons to depart from the heightened sentencing scheme.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Dudley with 11 counts of various child sex crimes arising from Dudley's alleged sexual abuse of a child under the age of 10 spanning from January 1, 2018, to March 19, 2020. Pursuant to a plea agreement, Dudley pled guilty to one count of aggravated criminal sodomy under K.S.A. 2017 Supp. 21-5504(b)(1), (c)(3), one count of aggravated indecent liberties with a child under K.S.A. 2017 Supp. 21-5506(b)(3)(A), (c)(3), and two counts of sexual exploitation of a child under K.S.A. 2019 Supp. 21-5510(a)(4), (b)(2). In exchange for Dudley's guilty plea, the State agreed to dismiss the remaining seven counts and recommend the statutory presumption for sentencing under "Jessica's Law" of life in prison with the possibility of parole after 25 years for each count, and that all counts run concurrent. At Dudley's plea hearing, the district court accepted Dudley's guilty pleas and scheduled his sentencing date.

Jessica's Law is the common name for the statutes that impose a mandatory term of 25 years' imprisonment before parole eligibility for adult defendants convicted of certain sex crimes against children. See K.S.A. 2021 Supp. 21-6627. In enacting Jessica's Law, the Legislature's intent was "to protect children by removing perpetrators of sexual crimes against children from society" and therefore the State "has a particularly compelling interest in using incarceration as a means of protecting its youth from sexual offenders." *State v. Ruggles*, 297 Kan. 675, 687, 304 P.3d 338 (2013) (quoting *State v. Woodard*, 294 Kan. 717, 722, 280 P.3d 203 [2012]).

It is worth noting that the State charged Dudley with felony sexual exploitation of a child pursuant to K.S.A. 2019 Supp. 21-5510(a)(4), (b)(2)—but alleged the acts giving rise to those charges occurred sometime between January 1, 2018, and January 31, 2019.

2

However, K.S.A. 2019 Supp. 21-5510(a)(4), (b)(2) was not in effect until July 1, 2019, and Dudley should have been charged under K.S.A. 2018 Supp. 21-5510(a)(4), (b)(2). This error is harmless because the two statutes contain identical language. See *State v. Wright*, 221 Kan. 132, 140, 557 P.2d 1267 (1976) (finding that a defendant was not prejudiced by State's citation to incorrect statute number when it contained language from correct statute); *State v. Liebau*, 31 Kan. App. 2d 501, 503, 67 P.3d 156 (2003) ("An error in the citation to the statute does not require reversal of a conviction if the defendant is not prejudiced.").

Dudley pled guilty to four separate Jessica's Law offenses, which means each offense carried a mandatory minimum of 25 years' imprisonment before parole eligibility. See K.S.A. 2021 Supp. 21-6627. Prior to his sentencing, Dudley moved for a downward durational departure from the statutorily mandated life terms, requesting that the district court grant him a durational departure back to the applicable sentencing guidelines grid box considering the mitigating factors of his case. Dudley claimed his mitigating factors of (1) being "under significant mental and emotional disturbances regarding appropriate sexual conduct," (2) that he was 21 or 22 at the time of his offenses and he "lacked the maturity and development of most people his age," (3) that he accepted responsibility for his crimes and expressed "remorse and sorrow for his actions," and (4) that he expressed an intent to change his behavior.

The district court heard the parties' arguments on Dudley's departure motion where Dudley called licensed master's level psychologist Caitlin Custer to testify. Custer had conducted a combined psychosexual and psychological evaluation on Dudley at his lawyer's request and prepared a report.

Custer's report noted that Dudley had experienced some physical and sexual abuse as a child, and that he had a prior juvenile adjudication for aggravated indecent liberties with a child stemming from an accusation that he had "sexual relations" with his 5-year-

3

old half-sister when he was 14 years old. The report stated Custer's diagnostic impressions of Dudley were that he had "Adjustment Disorder with Mixed Anxiety and Depressed Mood," "Other Specified Paraphilic Disorder, with Pedophilic Features with Unspecified Timeline of Fantasies," "Alcohol Use Disorder," and "Cannabis Use Disorder." The report also noted that Dudley's intellectual functioning was in the "Average Range." The report summary stated that Dudley "demonstrated accountability for his offending behaviors" but that he "tended to place blame upon the alleged victim, making statements such as 'she wanted it'" and minimizing his behaviors by saying he did not do anything "'too serious'" because he had not penetrated his victim. The report recommended Dudley complete a sex offender treatment program, participate in psychotherapy, complete a substance abuse evaluation to determine his ongoing treatment needs, and not have access to the internet or contact with minors.

Dudley's counsel asked the court to grant a departure back to the sentencing guidelines grid and for a further departure to half the presumptive grid box sentence given the mitigating factors outlined in Dudley's motion. The State asked the court to follow the presumptive sentence and not grant a departure, considering Dudley's mitigating factors were not substantial and compelling. Then Dudley made a statement to the court—saying that he was not trying to blame the victim and accepted responsibility for his actions, that he was sorry for what he did, and that he believed he could change "because [he didn't] want to do this ever again."

The district court found that it could impose a departure sentence for Dudley's first-time Jessica's Law convictions if it found "substantial and compelling reasons" to do so. The court found that Dudley identified the mitigating circumstances of "mental and emotional disturbances that [Dudley] suffered;  the age of [Dudley];  his acceptance of responsibility for his actions;  and an intent to change." However, the court did not find these mitigating circumstances substantial and compelling. The district court denied

4

Dudley's motion to depart and sentenced him to four concurrent Jessica's Law hard 25-year sentences. Dudley timely appealed.

## DISCUSSION

Jessica's Law hard 25-year sentences are considered "off-grid" offenses—not presumptive—and are therefore subject to appellate review. See *State v. Ortega-Cadelan*, 287 Kan. 157, 164, 194 P.3d 1195 (2008). While the Jessica's Law sentencing scheme provides a mandatory minimum sentence of 25 years for Dudley's offenses, exceptions exist permitting the court to depart from that minimum. If it is the offender's first Jessica's Law offense—like Dudley—the district court can depart from the mandatory minimum and impose a sentence under the Kansas Sentencing Guidelines Act if it "finds substantial and compelling reasons [to depart], following a review of mitigating circumstances." See K.S.A. 2021 Supp. 21-6627(a)(1), (d)(1).

When deciding a motion to depart in a Jessica's Law case, the district court first reviews the mitigating circumstances and then considers, under the facts of the case, "'whether the mitigating circumstances rise to the level of substantial and compelling reasons to depart from the otherwise mandatory sentence.'" *State v. Powell*, 308 Kan. 895, 913-14, 425 P.3d 309 (2018) (quoting *State v. Jolly*, 301 Kan. 313, 324, 342 P.3d 935 [2015]). The Kansas Supreme Court has defined "substantial" as "'something that is real, not imagined; something with substance and not ephemeral'" and noted that "compelling" "'implies that the court is forced, by the facts of a case, to leave the status quo or go beyond what is ordinary.'" *Jolly*, 301 Kan. at 323 (quoting *State v. McKay*, 271 Kan. 725, 728, 26 P.3d 58 [2001]). In determining whether to grant a departure sentence, "[t]he question is whether the departure factors, as a whole, are substantial and compelling reasons for imposing a departure sentence in light of the offense of conviction, the defendant's criminal history, and the purposes of the sentencing guidelines." *McKay*, 271 Kan. at 728.

On appeal, Dudley simply restates the mitigating circumstances he argued in his departure motion and asserts that—taken as a whole—they create substantial and compelling reasons for a departure. This court reviews a district court's determination that substantial and compelling reasons do not exist to depart from the mandatory minimum sentencing for an abuse of discretion. A district court abuses its discretion if its decision (1) is based on an error of law, (2) is based on an error of fact, or (3) is arbitrary, fanciful, or unreasonable. *Powell*, 308 Kan. at 902-03. Dudley, as the party asserting the district court abused its discretion, bears the burden of showing such abuse of discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021). Dudley does not allege the district court relied on a specific error of law or fact but appears to contend that the district court's denial of his departure motion was arbitrary or unreasonable. However, Dudley provides no explanation, examples, or citations to the appellate record to support this contention.

On appeal, Dudley argues that he (1) "stopped the inappropriate relationship with the child of his own accord," (2) "suffered from emotional and metal [*sic*] disturbances as a result of his own childhood abuse," and (3) "accepted responsibility by pleading guilty." But the district court addressed each of these mitigating circumstances at Dudley's sentencing hearing and found that they did not constitute substantial and compelling reasons to depart. The court was not persuaded by Dudley's argument that he stopped the "relationship" on his own, noting that "Mr. Dudley wants this Court to give him credit for ending a sexual relationship with a six-year-old." The court was also unpersuaded by Dudley's assertion that he accepted responsibility for his actions, finding:

> "The summary of the report states that [Dudley] demonstrated accountability for his offending behaviors, however, tended to place blame upon the alleged victim, making statements; such as, 'She wanted it.'
> "While accountable for his actions, he tended to minimize the behaviors, noting, that he did not do anything too serious. Noting, that he did not penetrate the identified victim."

The court also considered that Dudley suffered from "mental and emotional disturbances," as well as additional mitigating circumstances argued in his motion but not on appeal, and found that they did not rise to the level of substantial and compelling reasons to depart. This court will not reweigh the evidence or the district court's credibility determinations. *State v. Potts*, 304 Kan. 687, 694, 374 P.3d 639 (2016). Dudley's asserting mitigating circumstances are not substantial or compelling.

Dudley does not address the district court's findings to demonstrate how they are arbitrary or unreasonable, but rather asks this court to reweigh them. As the party challenging the district court's denial, Dudley carries the burden of showing abuse of discretion and he has failed to do so here. See *Crosby*, 312 Kan. at 635.

CONCLUSION

The district court reviewed Dudley's alleged mitigating circumstances and found that they did not rise to the level of substantial and compelling reasons to depart from his mandatory hard 25-year sentences. Dudley failed to show how the district court abused its discretion in making this determination. Dudley's asserted mitigating factors are not so compelling as to make the district court's determination arbitrary, and this court cannot say that no reasonable person would agree with the court's determination.

Affirmed.